**UNITED STATES of America, Plaintiff,**

v.

**William MOORE, Ronald Irving Peters and Tommy Woods, Defendants.**

**No. 90 CR 0090.**

United States District Court, N.D. Illinois, E.D.

May 10, 1990.

Ira H. Raphaelson, U.S. Atty., and Lisa Kate Osofsky, Asst. U.S. Atty., Chicago, Ill., for U.S.

Rick Halprin, Chicago, Ill., for William Moore.

Robert A. Korenkiewicz, Chicago, Ill., for Ronald Irving Peters.

Ralph E. Meczyk, Chicago, Ill., for Tommy Woods.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Defendants William Moore, Ronald Irving Peters, and Tommy Woods are charged with conspiring to transport in interstate commerce a stolen motor vehicle and knowingly transporting in interstate commerce a stolen motor vehicle. 18 U.S.C. §§ 371, 2312. Peters has moved to dismiss the indictment on the ground that his right to due process of law was violated because the government impermissibly manufactured a fact necessary to federal jurisdiction. See *United States v. Archer*, 486 F.2d 670 (2d Cir.1973). The court has considered the motion, memoranda of the parties in support of their positions on the motion, evidence adduced at a hearing, and the FBI proposal for the undercover operation from which this prosecution results which was submitted for an in camera review.

Section 2312 of title 18 provides in part:

Whoever transports in interstate ... commerce a motor vehicle ..., knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

18 U.S.C. § 2312. Peters contends that the transportation-in-interstate-commerce element of the offense was manufactured by the government when its undercover agent had Peters drive a stolen truck he was selling to the undercover agent from Chicago to Indiana. This, according to Peters, denied him his right to due process. See *United States v. Archer*, 486 F.2d 670 (2d Cir.1973).

Although susceptible of a very broad reading, *Archer* has been read narrowly since it was decided. See, *e.g., United States v. Kaye*, 586 F.Supp. 1395, 1401–02 (N.D.Ill.1984), and cases cited therein. The Seventh Circuit has characterized *Archer's* holding as follows:

In *United States v. Archer*, 486 F.2d 670 (2nd Cir.1973), the court refused to find that the Travel Act was applicable to a "sting" operation where the telephone calls proposed as the necessary federal element were made at the behest of un-

dercover agents, solely to make the case a federal offense.

*United States v. Anderson*, 809 F.2d 1281, 1287–88 (7th Cir.1987).

In the case at bar, the evidence shows that a major, if not the primary, reason for locating the undercover operation's base in Indiana rather than Illinois was to obtain federal jurisdiction over truck thefts occurring in the Chicago area. In addition, the evidence was ambiguous on the question of whether Peters was predisposed to commit the federal offense, indicating that while he talked of a nationwide truck theft ring, he apparently never committed another truck theft, let alone another interstate transportation of a stolen truck.

However, there was also evidence that the agent originally assigned to this operation had ties to Indiana, in particular to Indianapolis, so that a cover story with an Indiana background was easier, more plausible, and safer for him to use. Moreover, there was evidence that having Peters drive the truck from Chicago to Indiana was in keeping with the character the undercover agent was portraying and the operation; in other words, it was how a real stolen truck fence and fencing operation might be expected to act.

Accordingly, the court finds that the government did not locate the undercover operation in Indiana or have Peters drive the stolen truck from Chicago to Indiana solely for the purpose of acquiring federal jurisdiction. Therefore, *Archer* as subsequently interpreted, particularly by the Seventh Circuit, does not mandate dismissal of the indictment. *United States v. Anderson*, 809 F.2d 1281, 1287–88 (7th Cir. 1987). See *United States v. Archer*, 486 F.2d 670 (2d Cir.1973); *United States v. Kaye*, 586 F.Supp.1395, 1401–02 (N.D.Ill. 1984), and cases cited therein.

ORDERED: Defendant Ronald Irving Peters's motion to dismiss the indictment is denied.